**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. _____

COLLECT AMERICA, LTD., a Delaware corporation

Plaintiff,

v.

THE LAW OFFICE OF CURTIS O. BARNES, P.C., a California professional corporation, and CURTIS O. BARNES,

Defendants.

---

**VERIFIED COMPLAINT AND DEMAND FOR INJUNCTIVE RELIEF**

---

Plaintiff, Collect America, Ltd. ("Collect America"), through counsel Perkins Coie LLP, for its Verified Complaint and Demand for Injunctive Relief against Defendants The Law Office of Curtis O. Barnes, P.C. ("Barnes, P.C.") and Curtis O. Barnes ("Barnes") (collectively "Defendants"), states and alleges as follows:

**PARTIES**

1. Plaintiff Collect America is a Delaware corporation in good standing with its principal place of business located at 370 17th Street, Suite 5000, Denver, CO 80202. Collect America is a citizen and resident of the State of Colorado.

2. Defendant Barnes, P.C. is a California professional corporation which at times relevant hereto is doing or has done business at 390 West Cerritos Avenue, Anaheim, CA 92805.

3. Defendant Barnes is an individual who, upon information and belief, is a resident of California.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of these claims pursuant to the Judicial Code, 28 U.S.C. Section 1332, as these claims are between citizens of different states and exceed the sum or value of $75,000.

5. Collect America's claims arise out of or relate to actions by Defendants that are and have been purposefully directed to Collect America, a Colorado resident, including Defendants' breach of contract with Collect America by reason of their failure to perform certain acts as required by the license agreement more specifically described below.

6. Personal jurisdiction is proper consistent with Section 13-1-124(1)(a), C.R.S. by virtue of Defendants' transaction of business within the State of Colorado and for the reasons set forth in the General Allegations below. Further, pursuant to the license agreement more specifically described below, Defendants have consented to the personal jurisdiction of this Court.

7. Venue is proper consistent with 28 U.S.C. Section 1391(a)(3) as Defendants are subject to personal jurisdiction in Colorado and pursuant to the license agreement more specifically described below, Collect America and Defendants have waived any objection either may have to venue in this Court.

## GENERAL ALLEGATIONS

8. Collect America is a licensor of a distinctive system to market and service debt collection activities ("System") through licensed offices which provide collection services via a centralized computer system and communications network utilizing the proprietary software of Collect America ("System Network Software") and Collect America's Marks ("Marks").

9. Collect America grants non-exclusive rights to use its System Network Software and Marks to qualified licensees.

10. Each Collect America licensee provides collection services via the System Network Software.

11. By agreement, licensees of Collect America are provided a license to use the Marks and are entrusted with the System Network Software and other proprietary information concerning Collect America's business, including without limitation Collect America's sales methods, electronic or printed reports, training techniques, marketing research data, marketing plans, and manuals (collectively, "Confidential Information").  In consideration of same and to protect Collect America's business and goodwill, the licensees of Collect America enter into license agreements that include, *inter alia*, certain provisions to prevent a Collect America licensee from unfairly competing with Collect America and its other licensees during the term of the license agreement or after termination of the license.

12. On about March 13, 2003, Barnes, P.C. entered into a license agreement with Collect America ("License Agreement") for one Collect America office (the "Collect America Business") located at 390 West Cerritos Avenue, Anaheim, CA 92805, and expressly assumed all liabilities and obligations thereunder.  (License Agreement attached hereto as Exhibit 1 and fully incorporated herein by this reference.)

13. On about March 13, 2003, Barnes personally guaranteed Barnes, P.C.'s full faith and performance and satisfaction of all terms, covenants and conditions of said License Agreement. (*See* Exhibit 1 at 30-31.)

14. Pursuant to the License Agreement, Collect America granted and conveyed to Defendants the right to use Collect America's Marks and System Network Software at the location designated and disclosed to Defendants its trade secrets, including the System Network Software and other Confidential Information. As part of the License Agreement, Defendants acknowledged that they acquired no right, title or interest in the System Network Software except for the right to use such System Network Software in the operation of their Collect America Business to the extent and in the manner authorized by Collect America. (*See* Exhibit 1 at 4.)

15. Pursuant to the License Agreement, Defendants agreed and were obligated to comply strictly with Collect America's specifications and standards.

16. Pursuant to the License Agreement and the confidentiality agreement attached thereto ("Confidentiality Agreement"), Defendants agreed and were obligated not to compete directly or indirectly with Collect America during the term of the license and for a period of two years following the termination or expiration of the license, to maintain in the strictest confidentiality Collect America's System Network Software and other Confidential Information, and not to use Collect America's Confidential Information for their own benefit or for the benefit of any person or other entity other than the Collect America Business. (*See* Exhibit 1 at 12, 14, 46.)

17. Pursuant to the License Agreement, Defendants acknowledged that Collect America, in addition to all other legal remedies available, is entitled to an injunction to enforce the terms of the License Agreement. (*See* Exhibit 1 at 24, 36, 46.)

18. Pursuant to the License Agreement, Collect America and Defendants agreed that the License Agreement shall be governed by and construed in accordance with the laws of the State of Colorado.

19. Pursuant to the License Agreement, Collect America and Defendants agreed that in the event of a default on the part of either party to the License Agreement, the party in default will pay the aggrieved party all costs and expenses incurred by the aggrieved party and relating to the controversy, including reasonable attorneys' fees.

20. Defendants have worked directly with Collect America and its representatives at its principal office in Colorado in setting and administering the policies applicable to and enforced under the License Agreement and in attempting to address and resolve issues arising thereunder.

21. Defendants purposely derived benefit from their interstate relationship with Collect America and Defendants' efforts were purposefully directed toward Collect America and its representatives at its principal office in Colorado.

22. Defendants accepted and agreed to their long term relationship with Collect America, reasonably foreseeing the continuing and wide reaching contacts with Collect America and its Colorado representatives and accepted and agreed to the long term exacting regulation of Defendants' Collect America Business from Collect America's principal office in Colorado.

23. Pursuant to the License Agreement, Collect America and Defendants negotiated a forum in which to resolve any disputes which may arise between them related to Collect America's Marks or Confidential Information, and expressly waived any objection either may have to the personal jurisdiction of this Court. (*See* Exhibit 1 at 23, 25, 46.)

24. In breach of the License Agreement, Defendants, either directly or indirectly, are operating a business or businesses which provide debt collection services through a network of attorneys and at locations not authorized by the License Agreement.

25. In breach of the License Agreement, Defendants, either directly or indirectly, are conducting debt collection activities under names not otherwise authorized by the License Agreement.

26. Upon information and belief, in breach of the Confidentiality Agreement incorporated into the License Agreement, Defendants are using Collect America's System Network Software and other Confidential Information in competition with Collect America and for their own benefit or for the benefit of persons, firms, or entities other than Collect America or the Collect America Business.

## **FIRST CLAIM FOR RELIEF**
**(Misappropriation of Trade Secrets)**

27. Collect America incorporates fully by reference the allegations set forth in the preceding paragraphs.

28. Collect America possesses certain confidential and proprietary information that qualifies as trade secrets, including without limitation, its System Network Software and other Confidential Information.

29. Collect America has taken reasonable steps to protect and keep its trade secrets confidential.

30. Defendants have knowledge of these trade secrets and are subject to valid and binding obligations not to reveal such information to third parties or use them in competition with Collect America.

31. Defendants have misappropriated Collect America's trade secrets.

32. To the extent that Defendants have not already used or disclosed Collect America's trade secrets in competition against it, there is a real and immediate threat that they will do so, and such use or disclosure is inevitable under the circumstances.

33. As a direct and proximate result of Defendants' misappropriation of Collect America's trade secrets, Collect America has been damaged and will additionally suffer irreparable injury for which Collect America has no adequate remedy at law unless Defendants are enjoined from continuing these acts.

### SECOND CLAIM FOR RELIEF
**(Breach of Noncompete Provisions)**

34. Collect America incorporates fully by reference the allegations set forth in the preceding paragraphs.

35. Collect America has performed its material obligations under the License Agreement.

36. Defendants have materially breached the noncompete provisions contained in the License Agreement by and including, but not limited to, using Collect America's Marks and Confidential Information in competition with Collect America and for their own benefit or for the benefit of any person or other entity other than the Collect America Business.

37. Collect America is being immediately and irreparably injured by Defendants' breaches of the noncompete provisions.

38. Collect America has no plain, speedy, and adequate remedy at law with regard to Defendants' violations of the noncompete provisions.

39. The granting of an injunction will not disserve the public interest.

40. The balance of equities favors the granting of an injunction.

41. The granting of an injunction in the form more specifically described below will preserve the status quo.

**WHEREFORE**, Collect America requests that it be granted the following relief:

1. Preliminary and permanent injunctive relief enjoining Defendants and their owners, officers, directors, investors, partners, agents, servants, employees and those persons in active concert or participating with them during the term of the License Agreement and for a period of two years following the termination or expiration of same:

   a. from engaging, either directly or indirectly, in any other business which offers or sells any product or service (or any component thereof) which comprises, or may in the future comprise, a part of Collect America's Business;

   b. from conducting debt collection activities in a name other than that authorized by the License Agreement;

   c. from competing, directly or indirectly, with Collect America's Business, including operating any business which provides debt collection services through a network of attorneys; and

8

        d.      from using Collect America's Confidential Information to compete, directly or indirectly, with Collect America and for their own benefit or the benefit of any person or other entity other than the Collect America Business.

2. Reasonable attorneys' fees, expert witness fees, Court costs and other litigation expenses;

3. Such other and further relief as the Court deems proper; and

4. Collect America expressly reserves all other claims which it may have and which are subject to arbitration pursuant to the License Agreement.

Dated this 16th day of September, 2005.

    s/ Jeffrey J. Cowman
Jeffrey J. Cowman
Danielle DiMauro
PERKINS COIE LLP
1899 Wynkoop Street, Suite 700
Denver, Colorado  80202
Telephone:  (303) 291-2300
Fax:  (303) 291-2400
jcowman@perkinscoie.com
ddimauro@perkinscoie.com
*Attorneys for Defendant Collect America, Ltd.*

## **VERIFICATION**

Pursuant to 28 U.S.C. §1746, I verify under penalty of perjury and the laws of the United States that the foregoing is true and correct upon information and belief.

                    Collect America, Ltd.

                    By:  s/ Alan Singer, Esq.
                        Sr. Attorney, [title]

STATE OF COLORADO        )
                                  ) ss.
COUNTY OF DENVER         )

Subscribed and sworn to before me this 16th day of September, 2005, by Alan Singer, Sr. Attorney [title] of Collect America, Ltd.

                    s/ Kristina J. Swentzell
                    Notary Public

My commission expires:  9/15/07


Plaintiff's Address:
    370 17th Street, Suite 5000
    Denver, CO 80202